IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>MAMIE TANG, DEBORAH MELLO and VICTORIA S. GONG,<br><br>  Defendants,<br><br>  and<br><br>RICHARD TANG, AMY TANG, EMILY TANG, THE TANG CHILDREN'S TRUST AND BOARD STREET SECURITIES,<br><br>  Relief Defendants.<br>_____/ | No. C 98-03739 WHA<br><br>**ORDER GRANTING MOTION TO DISBURSE FUTURE PAYMENTS TO THE UNITED STATES TREASURY AND VACATING HEARING** |

Plaintiff SEC filed a motion to amend the judgment against defendant Deborah Mellow in order to disburse future payments by defendant Mellow to the United States Treasury. Defendant has filed no opposition to the motion.

Following a bench trial, judgment was entered against defendant Mellow in January 2001. Among other relief, she was ordered to pay $47,500 in disgorgement and $7,500 prejudgment interest for a total of $55,000. Defendant was ordered to pay these amounts in an initial payment of $10,000 and monthly installments thereafter of the lesser of $400 or fifteen percent of her monthly income.

1  Defendant made the initial $10,000 payment and has made additional payments totaling
2  $31,675, for a total of $41,675. She therefore owes a balance of $13,325 on the judgment. The
3  bulk of the payments to date — $41,075 — were forwarded to the court-appointed distribution
4  agent and were distributed to investors (along with $247,495.62 collected from the relief
5  defendants). Defendant subsequently made additional payments to the Clerk of the Court of
6  $600.

7  The SEC moves to amend paragraph IV of the judgment against defendant Mellow to
8  require that the $600 held by the Clerk of the Court and all future payments by defendant
9  Mellow be forwarded to the United States Treasury rather than the Clerk of the Court. It so
10 moves on the grounds that an additional distribution to investors would be impracticable.
11 Defendant has been making payments at a rate of $200 to $300 per month on her remaining
12 $13,325 balance. At that rate, the judgment will not be fully paid until Spring 2013. At that
13 point, the list of investors used for the previous distribution would be "stale" and additional
14 mailings would be necessary to confirm the contact information of investors. The
15 administrative fees would cut into the relatively small remaining balance. The SEC therefore
16 asks that the $600 currently held by the Clerk of the Court and all remaining payments be
17 forwarded directly to the SEC, to be paid into the United States Treasury, rather than paid to the
18 Clerk of the Court for future distribution to investors.

19 Unlike damages, disgorgement is not primarily a means of compensating investors but
20 rather "is designed to deprive a wrongdoer of unjust enrichment, and to deter others from
21 violating securities laws by making violations unprofitable." *Securities and Exchange*
22 *Commission v. First Pacific Bancorp*, 142 F.3d 1186, 1191 (9th Cir. 1998). Because good
23 cause has been shown, and because the motion is unopposed, plaintiff's motion is **GRANTED**.
24 The proposed judgment (with paragraph IV amended as proposed by the SEC) will be entered.
25 The hearing scheduled for July 23, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 15, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2