# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| _____ )<br><br>SECURITIES AND EXCHANGE COMMISSION, )<br><br>       Plaintiff, )<br><br>     vs. )<br><br>MAMIE TANG, DEBORAH MELLO and )<br>VICTORIA S. GONG, )<br><br>      Defendants, )<br><br>     and )<br><br>RICHARD TANG, AMY TANG, EMILY TANG, )<br>THE TANG CHILDREN'S TRUST AND BROAD )<br>STREET SECURITIES )<br><br>     Relief Defendants. )<br>_____ ) | Civil Action No.<br>C-98-3739-WHA<br><br>[~~PROPOSED~~] ORDER<br>GRANTING<br>MISCELLANEOUS<br>APPLICATION FOR<br>ORDER TO CLARIFY<br>TAX STATUS OF FUNDS<br>HELD IN COURT'S<br>REGISTRY FOR THIS<br>CASE<br><br>Date: NA<br>Time:<br>Judge: William Alsup<br>Courtroom: 9 |

Order re: Tax Status
Civ C-98-3739-WHA

## ORDER CLARIFYING TAX STATUS OF FUNDS IN COURT'S REGISTRY

Plaintiff Securities and Exchange Commission ("Commission") has applied to the Court for an Order clarifying the tax status of the over $212,000 in disgorgement payments that were made by defendants Victoria Gong and Deborah Mello and by relief defendants Richard Tang, Amy Tang, Broad Street Securities and the Tang Children's Trust into the court's registry. On February 22, 2006, this Court entered an order authorizing the distribution of most of those disgorgement payments to certain Valley Forge Financial Group bondholders, and also appointed Damasco & Associates, LLP ("Damasco") as the tax administrator for the disgorgement funds (the "Distribution and Tax Order"). Dkt. No. 221. In the Distribution and Tax Order prepared by the Commission, the Court stated, on page 5, that the disgorgement payments in the court's registry "***might*** constitute and 'qualified settlement fund' under the Internal Revenue Code and regulations." The word "might" caused the Clerk of the Court to file 1099 tax forms that did not describe the disgorgement payments as being in a "qualified settlement fund." So that the Clerk of the Court may file amended tax reporting forms that describe the disgorgement payments and accrued interest as being in a "qualified settlement fund," the Commission has now applied for an Order clarifying the tax status of the disgorgement payments in the court's registry for this case.

Good Cause Appearing, the Court hereby clarifies the Distribution and Tax Order issued in this case on February 22, 2006 to state that the disgorgement payments and accrued interest in the court's registry for this case do constitute a "qualified settlement fund" under the Internal Revenue Code and regulations. The Clerk of the Court is therefore authorized to amend and/or file any documents or forms that are consistent with the treating the disgorgement payments and accrued interest in the court's registry as being in a "qualified settlement fund."

SO ORDERED.

DATED: October 27, 2010

William H. Alsup, Judge
United States District Court

Order re: Tax Status
Civ C-98-3739-WHA